```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```

| | |
|---|---|
| In re: Child Victims Act Cases Removed<br>From State Court | **MEMORANDUM AND ORDER**<br>23-CV-4872; 23-CV-4999<br>23-CV-5034; 23-CV-5087<br>23-CV-5092; 23-CV-5140 |

```
-----------------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

In these six cases, plaintiffs asserting sexual-abuse claims under the New York Child Victims Act ("CVA") have moved to remand their lawsuits to state court. The motions are granted.

Plaintiffs filed these lawsuits in the Supreme Court of the State of New York, in Suffolk and Nassau Counties. Each lawsuit asserts state-law sexual-abuse claims against defendants, who are individuals, as well as Roman Catholic parishes, schools, and other organizations related to the Roman Catholic Diocese of Rockville Centre (the "Diocese"). After many similar CVA cases were filed, the Diocese itself filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. Defendants—who are not debtors in that bankruptcy proceeding—removed these actions to this Court, on the ground that they are "related to" the bankruptcy proceeding. *See* 28 U.S.C. § 1334. The Diocese then moved pursuant to 28 U.S.C. § 157(b)(5) to transfer these and more than 200 other similar cases from this District to the Southern District of New York. That transfer motion is currently pending before Judge Schofield. Plaintiffs, in turn, have moved to remand these lawsuits to state court.

Plaintiffs' remand motions are granted for substantially the reasons set forth by Judge Gonzalez in his thorough and well-reasoned opinion addressing analogous motions in *In re: Child Victims Act Cases Removed From State Ct.*, No. 23-CV-4741 (HG), 2023 WL 5287067, at *1 (E.D.N.Y. Aug. 17, 2023). The Court has subject matter jurisdiction over these lawsuits because

plaintiffs' claims are "related to" the bankruptcy case against the Diocese in the Southern District of New York. *Id.* at *4–5; *see* 28 U.S.C. §§ 1334(b), 1452(a). But remand is proper because the criteria for mandatory abstention in 28 U.S.C. § 1334(c)(2) are met. *See In re: Child Victims Act Cases Removed From State Ct.*, 2023 WL 5287067, at *6–8. And the doctrines of permissive abstention, *see* 28 U.S.C. § 1334(c)(1), and equitable remand, *see* 28 U.S.C. § 1452(b), would apply even if that were not so. *See In re: Child Victims Act Cases Removed From State Ct.*, 2023 WL 5287067, at *8. Finally, the Diocese's pending motion in the Southern District of New York to transfer plaintiffs' lawsuits to that court under 28 U.S.C. § 157(b)(5) does not justify delaying the resolution of these remand motions. Because Section 157(b)(5) permits a district with pending bankruptcy proceedings to transfer cases from state court, this remand decision will not prevent the Southern District from granting the Diocese's motion and transferring these cases to the Southern District if that court concludes transfer is warranted under Section 157(b)(5). *See* 28 U.S.C. § 157(b)(5).

      A recent Delaware Court of Chancery "Liquidation and Injunction Order" involving the insolvent insurer Arrowhead Indemnity Company purporting to enjoin for 180 days all "proceedings in which Arrowood is obligated to defend a party insured" does not justify forestalling remand. *See* Suggestion of Stay Due to Arrowood Liquidation Order 1, 23-CV-4872 (Dkt. #11), 23-CV-4999 (Dkt. #18), 23-CV-5087 (Dkt. #14), 23-CV-5140 (Dkt. #12). Arrowhead Indemnity Company—one of the Diocese's insurers with respect to the Child Victims Act litigation—may have an obligation to defend a party insured in this case. But the Delaware Court of Chancery cannot order these proceedings stayed, because "state courts are completely without power to restrain federal-court proceedings in *in personam* actions." *Donovan v. City of Dallas*, 377 U.S. 408, 412–13 (1964). And no litigant has set forth an argument in support of abstention

under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *Burford* abstention is available when "the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish coherent policy with respect to a matter of substantial public concern.'" *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 461 (1989) (citation omitted). And while federal courts have sometimes abstained from exercising jurisdiction in lawsuits involving insurers who are engaged in state reorganization proceedings under *Burford*, *see, e.g., Gen. Glass Indus. Corp. v. Monsour Med. Found.*, 973 F.2d 197, 200–04 (3d Cir. 1992), they do not do so where, as here, the issues raised in the federal case "simply have nothing to do with the issues raised in the [state court] reorganization proceedings," *Stinson v. Hance*, No. 01-CV-6638 (HBP), 2002 WL 31834464, at *2–4 (S.D.N.Y. Dec. 17, 2002) (declining to apply *Burford* abstention in an automobile-accident action where defendant's insurance company was under state reorganization proceedings). This order merely remands these cases back to the state forums where they were brought, where the propriety of a stay may be more fully considered.

## CONCLUSION

Accordingly, the plaintiffs' motions to remand are granted. The following cases are remanded to the Supreme Court of the State of New York, Nassau County:

- *LaBau v. St. Barnabas the Apostle Roman Catholic Church*, No. 23-CV-04872, Nassau County Index No. 900125/2021.

- *C.T. v. St. Hugh of Lincoln Roman Catholic Church*, No. 23-CV-05034, Nassau County Index No. 900037/2021.

- *Mahoney-Acheson v. St. Raymond of Penyafort Roman Catholic Church*, No. 23-CV-05140, Nassau County Index No. 900262/2021.

The following cases are remanded to the Supreme Court of the State of New York, Suffolk County:

- *Clancy v. St. Joseph's Parish*, No. 23-CV-04999, Suffolk County Index No. 614526/2021.

- *Bourgeois v. St. Patrick's Roman Catholic Church* , No. 23-CV-05087, Suffolk County Index No. 611047/2021.

- *SWSU 1 Doe v. Infant Jesus Roman Catholic Church*, No. 23-CV-05092, Suffolk County Index No. 614848/2021.

SO ORDERED.

                                        */s/ Rachel Kovner*
                                        RACHEL P. KOVNER
                                        United States District Judge

Dated: December 20, 2023
       Brooklyn, New York